# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERMAINE EWING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 08-102-GPM |
| ) | |
| CLINTON COUNTY SHERIFF'S ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, a prisoner in the Clinton County Jail ("Jail"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In this action, Plaintiff seeks damages for alleged unlawful conditions of confinement. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Title 28 U.S.C. § 1915A provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim on which relief
    may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such
    relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 ( 2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

It appears that on or about October 2, 2007, Plaintiff was taken to a medical clinic for treatment of an unspecified ailment. Plaintiff's complaint is that he had to walk approximately one block (in shackles and handcuffs) to the clinic - as opposed to the way that other prisoners have been transported (presumably by a motor vehicle). There is no allegation that the one block walk was beyond Plaintiff's abilities or that the walk made Plaintiff's medical condition worse.

The Eighth Amendment's prohibition against cruel and unusual punishment is applicable to the states through the Fourteenth Amendment.[1] As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime. *Id*., (*quoting Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). The Constitution also prohibits punishment that is totally without penological justification. *Gregg*, 428 U.S. at 183.

Not all Jail conditions trigger Eighth Amendment scrutiny -- only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *See Rhodes,* 452 U.S. at 346; *see also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *See McNeil v. Lane,* 16

---

[1] It is unclear from the complaint whether Plaintiff is a pretrial detainee or a convicted person. For purposes of this review, the Court need not resolve the issue. Although claims brought pursuant to § 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) without differentiation." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

F.3d 123, 124 (7th Cir. 1994); *Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *See Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement "exceeded contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir. 1994). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In the present case, Plaintiff's complaint does not allege facts satisfying the objective component of an Eighth Amendment claim. By itself, making Plaintiff walk one block to the medical clinic does not rise to the level of a constitutional claim. Consequently, Plaintiff's complaint does not survive review under § 1915A.[2] Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as a strike under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED: 06/04/08

s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

[2] The Court further notes that Plaintiff never submitted the $350 filing fee or a motion to proceed *in forma pauperis* as previously directed (Doc. 2). Additionally, Plaintiff appears to have failed to comply with Local Rule 3.1(b) which requires him to keep the Court apprised of his current address because mail sent to Plaintiff has been returned as undeliverable (Doc. 3). Even if Plaintiff had paid the full filing fee (or been granted leave to proceed *in forma pauperis*) and had kept the Court apprised of his current address, however, the instant complaint still does not state a claim upon which relief may be granted.